UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FORTIS CORPORATE INSURANCE a/s/o  :
ARCELORS INTERNATIONAL,           :
                                  :
            Plaintiff,            :    08 Civ 3774 (LAP)(MHD)
                                  :
   - against -                    :    **ANSWER**
                                  :
M/V "OCEAN STARLET," her engines, boilers, :
etc., and SILVER STREAMS LTD.     :
                                  :
            Defendants            :
                                  :
                                  :
------------------------------------X

SILVER STREAMS LTD., ("SSL"), by and through its attorneys, Clyde & Co US LLP, answers plaintiff's Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 4 and 7 of the Complaint, except admits that SSL is a corporate entity organized and existing a foreign law and is engaged as a common carrier of merchandise by water, and that it agreed to transport a certain shipment of steel coils from Bilbao, Spain to Becancour, Quebec.

2. Denies the allegations in paragraphs 5, 6, 8 and 9 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

3. In the event that plaintiff has or had no title or interest in the goods and/or property that are the subject matter of the action, the plaintiff is not a real party in interest and is not entitled to maintain this suit.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The damages allegedly sustained by plaintiff were caused or contributed to by the negligence or culpable conduct of plaintiff and, therefore, SSL is not liable for any damages allegedly sustained by plaintiff or, alternatively, its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. Plaintiff's alleged damages resulted from the acts or omissions of parties other than SSL and for whom SSL is not responsible and, therefore, SSL is not liable to plaintiff or, alternatively, the liability of SSL to plaintiff is partial only and should be reduced in accordance with applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of SSL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The damages alleged in the Complaint were brought about by an intervening and superseding cause, and were not caused by SSL or by any third-party for whom SSL is responsible.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The liability of SSL, if any, is limited in accordance with the applicable contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The applicable contracts, bill of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or

consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, SSL is not responsible.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10. The alleged damage did not occur while the property or goods were in the custody or control of SSL.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which SSL is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, *et seq.* ("COGSA"), or its equivalent under the laws of Canada, the Marine Liability Act, S.C. 2001, c. 6 ("MLA").

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. If this Court finds that the plaintiff has suffered damages to cargo for which SSL is liable, said damages must be limited pursuant to 46 U.S.C.A. § 1304(5), or its equivalent provision under the MLA, or in accordance with the terms and provisions of the applicable bill of lading or other contract between the parties.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14. If there was any loss of and/or damage to cargo as alleged in the Complaint, SSL is not liable to the plaintiff by reasons of the provisions contained in the applicable bill of lading or other contract between the parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

15. Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession or custody of SSL or on board the carrying vessel arose from the conditions of the goods when delivered to SSL or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and SSL is not under any liability for such loss or damage.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

16. Due diligence was used to make the carrying vessel seaworthy and to secure that it was properly manned, equipped and supplied, and to make the holds and other parts of the ship in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of COGSA, or its equivalent under the MLA, and/or the applicable bill of lading or other contract between the parties. Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel, due to any unseaworthiness of the vessel, which is denied, SSL is not under liability therefore.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

17. The Complaint should be dismissed because plaintiff has failed to make proper service of process upon SSL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

19.     The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens.*

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

20.     The Complaint should be dismissed because the Court lacks personal jurisdiction over SSL.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

21.     The terms of the applicable bill of lading or other contract between the parties require that this matter be heard in a forum other than this Court.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

22.     The Complaint should be dismissed because venue is not proper in this Court.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

23.     This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

WHEREFORE, SSL demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the defenses asserted in its Answer, together with costs and disbursements.

Dated: New York, New York
June 25, 2008

CLYDE & CO US LLP

By: _____
Christopher Carlsen (CC 9628)

405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950

Attorneys for SILVER STREAMS LTD.

TO: Lawrence C. Glynn, Esq.
NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiffs
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
NH&S File No. 65000771LCG

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

Melissa Vorozilchak, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in New York, New York. On June 25, 2008, deponent served the within **ANSWER** upon:

> Lawrence C. Glynn, Esq.
> NICOLETTI HORNIG & SWEENEY
> Attorneys for Plaintiffs
> Wall Street Plaza
> 88 Pine Street
> New York, New York 10005

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Melissa Vorozilchak

Sworn to before me this
25th day of June, 2008

_____
Notary Public

ANDREA M. LLOYD
Notary Public, State of New York
No. 02LL6144061
Qualified in New York County
Commission Expires April 24, 2010