

# CLYDE&CO
US LLP

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
Christopher.carlsen@clydeco.us

July 23, 2008

**Via Facsimile: (212) 805-7941**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:  Fortis Corporate Insurance, etc., v. M/V "Ocean Starlet," her engines, boilers, etc., and
Silver Streams Ltd.
Index No.: 08 Civ. 3774(LAP)(MHD)
Clyde & Co. Ref: CC/0804215

Dear Judge Preska:

We represent the defendants in this litigation. I am writing in accordance with your Individual Rules to request that the Court schedule a pre-motion conference. This is an admiralty case involving a claim for rust damage to rolled steel coils that allegedly occurred when the steel was exposed to sea water during ocean transportation from Spain to Canada in January, 2007. The defendants intend to move to dismiss the Complaint on the grounds of improper venue, insufficiently of service of process, and lack of personal jurisdiction.

Neither the parties nor the transportation involved in this litigation has any connection with the United States. Defendant Silver Streams, Ltd., the owner of the subject vessel, is an entity organized and existing under the laws of St. Vincent and the Grenadines. It does not have any business operations in New York or anywhere in the United States. Upon information and belief, plaintiff Fortis Corporate Insurance is an entity organized and existing under the laws of Belgium, and its insured, Arcelors International, is an entity organized and existing under the laws of Canada. The ocean transportation involved was between Bilbao, Spain, and Becancour, Quebec.

Plaintiff invoked the court's admiralty jurisdiction. *See* Complaint, ¶ 1. Accordingly, the law of New York as set forth in CPLR § 302 governs the issue of personal jurisdiction in this case. *Bay Fireworks, Inc. v. Frenkel & Co., Inc.*, 359 F.Supp.2d 257, 266 (E.D.N.Y 2005); *Atalanta Corp. v. Polskie Linie Oceaniczne*, 683 F.Supp 347, 449 (S.D.N.Y. 1988). The Complaint does not contain any allegations concerning personal jurisdiction and, in any event, under the facts involved in this case plaintiff cannot establish the existence of jurisdiction under any of the provisions of § 302. In admiralty and maritime actions, "venue and personal jurisdiction analyses merge. ... [I]f the action is

Clyde & Co US LLP is a Delaware limited liability partnership with offices in New York and San Francisco.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales that practices from branch and affiliate* offices in:
Abu Dhabi, Belgrade*, Caracas, Doha, Dubai, Guildford, Hong Kong, London, Moscow, Nantes, Paris, Piraeus, Rio de Janeiro, Shanghai, Singapore and St. Petersburg



# CLYDE&CO
US LLP

July 23, 2008
Page 2 of 2

*in personam*, venue lies wherever valid service could have been made upon the defendant." *Ferrostal, Inc. v. Haci Hassan Yardim*, 2006 WL 2819585, *4 (S.D.N.Y. Sept. 29, 2006)(citations and quotations omitted). Because personal jurisdiction does not exist over the defendants in this litigation, venue also is not proper in this Court, and the Complaint should be dismissed.

Moreover, even if plaintiff could establish the existence of personal jurisdiction, the parties' contract governing this transportation contains a venue selection clause providing that "[t]he contract evidenced by this Bill of Lading shall be governed and construed by English Law, and the High Court of Justice in London shall have exclusive jurisdiction over any dispute arising under this Bill of Lading." This venue selection clause is valid and enforceable, and prevents plaintiff from maintaining this action in this Court. *THE BREMEN v. Zapata Off-Shore*, 407 U.S. 1 (1972).

Accordingly, we respectfully request that the Court schedule a pre-motion conference to discuss and establish a schedule for the proposed motion to dismiss.

Respectfully,

Christopher Carlsen

CC/mv

Lawrence Glynn, Esq. (via Facsimile: (212) 220-3780))
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Counsel for plaintiff shall respond to the above by letter no later than August 8, 2008.*

*So ordered*
*Loretta A. Preska*
*USDJ*

*August 4, 2008*